# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| NEAL C. FOLCK, | : | Case No. 3:16-cv-00461 |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| FORD MOTOR COMPANY, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATIONS[1]

Defendant removed the present case from the Clark County, Ohio Court of Common Pleas. Before removal, Plaintiff Neal C. Folck had filed his *pro se* complaint on or about October 4, 2016. At that time, he was a resident of Springfield, Ohio.

In the present case, it appears that Plaintiff participated in early January 2017 in a Rule 26(f) meeting with Defendant's counsel. After the meeting, Plaintiff declined to consent to a joint filing of the draft Rule 26(f) report without first contacting the Ohio Civil Rights Commission. (Doc. #7). On January 11, 2017, Defendant filed the Rule 26(f) Report, explaining these circumstances. *Id*. The Court thereafter entered a Preliminary Pretrial Order, a copy of which the Clerk of Court mailed to Plaintiff at his address of record.

On January 23, 2017, the U.S. Postal Service returned to the Clerk the copy of the Preliminary Pretrial Order because it was "not deliverable as addressed." (Doc. #9). Checking

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

the envelope reveals that the Clerk correctly addressed it to Plaintiff at his address of record. Plaintiff has not updated his address of record.

On January 24 2017, the Court issued an Show Cause Order requiring Plaintiff to show cause why his case should not be dismissed due to his lack of prosecution. The Clerk of Court mailed Plaintiff a copy of the Show Cause Order but, on January 31, 2017, the Postal Service returned the Show Cause Order to the Clerk of Court again marked "not deliverable as addressed." (Doc. #11). Checking the envelope reveals that the Clerk correctly addressed it and properly mailed the Show Cause Order to Plaintiff at his address of record. *Id.*

District Courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to "manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). Exercise of that power is warranted in this case because Plaintiff has not kept the Court apprised of his current address, has not responded to the Show Cause Order, and has not otherwise provided the Court with a means of contacting him regarding matters in this case. Accordingly, dismissal of his Complaint without prejudice is warranted for lack of prosecution. *See* Fed. R. Civ. P. 41(b); *see also Link*, 370 U.S. at 630-31.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The case be dismissed without prejudice to renewal; and
2. The case be terminated on the Court's docket.

February 10, 2017             *s/Sharon L. Ovington*
                                          Sharon L. Ovington
                                          United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).